IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY W. BEOUGHER,

                Plaintiff,                Case No. 3:08 CV 276

  -vs-

                                                MEMORANDUM   OPINION
COMMISSIONER OF SOCIAL SECURITY,        AND   ORDER

                Defendant.

KATZ, J.

      This case is now before the Court on Plaintiff's motion for attorney's fees. The motion is not opposed by Defendant (Doc. 22). The motion will be granted.

      This Court is authorized under 42 U.S.C. § 406(b)(1)(A) to award a "reasonable fee" for an attorney's representation of a successful claimant, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled due to the judgment. Plaintiff in this case signed a contingency fee agreement with his attorney providing that he would pay 25 percent of any lump sum award for past-due benefits as attorney's fees.

      Plaintiff received a total back pay award in this case of $90,580.00. Twenty-five percent of that total amounts to $22,645.00. Because an administrative law judge has already approved an attorney's fee request for $7,000 for work done on this case by Plaintiff's counsel at the administrative level, Plaintiff's counsel requests this Court award her $15,645.00 in fees for her work at the federal court level.

      The Court finds the requested amount to be reasonable in light of this particular case. The Court agrees that Plaintiff's counsel's representation of her client was skillful, and that Plaintiff's counsel caused no unreasonable delay. Furthermore, the Court finds that the requested fee amount would not produce an unreasonable windfall for Plaintiff's counsel. The Sixth Circuit has held

that, in cases where a contingency fee contract exists, "a windfall can never occur when . . . the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 422 (6th Cir. 1990). In this case, given Plaintiff's counsel's sworn statement that she worked 38.5 hours on this case in federal court, the hypothetical hourly rate would be $406.36, less than twice the attorney's standard hourly rate of $300.00.

Therefore, the motion for attorney's fees (Doc. 22) is granted, and Plaintiff's counsel is awarded $15,645.00.

IT IS SO ORDERED.

                                           s/ *David A. Katz*
                                           DAVID A. KATZ
                                           U. S. DISTRICT JUDGE